IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

MARIANNA WILLIAMS,

    Plaintiff,

v.                                 No. 14-1184

FLYING J INC., *et al.,*

    Defendants.

---

ORDER DENYING MOTION TO WITHDRAW BANKRUPTCY REFERENCE

---

Before the Court is the joint motion of the parties to withdraw the bankruptcy reference. (D.E. 1.) According to the filings, this matter originated with the commencement of a bankruptcy case pursuant to Chapter 11 of the Bankruptcy Code by the debtor, Saint Michael Motor Express ("Saint Michael"). The action was brought on May 22, 2008 as case number 08-11838 in the United States Bankruptcy Court for the Western District of Tennessee. On October 13, 2009, it was converted to a Chapter 7 case. Marianna Williams, the Plaintiff herein, was appointed as trustee. On October 18, 2013, Williams filed an adversary proceeding against the Defendants, Flying J, Inc.; FJ Management, Inc. d/b/a Flying J, Inc.; Flying J Insurance Services, Inc. or its successor, the Buckner Company; Carolina Casualty Insurance Company; Transportation Alliance Bank, Inc.; Transportation Alliance Leasing, LLC; TAB Bank, Inc.; TAB Bank, Inc. d/b/a Transportation Alliance Leasing, LLC; Gresham & Associates, LLC; Gresham & Associates, Inc.; Gresham & Associates of Indiana, Inc.; Jagjit ("J.J.") Singh; Stephen Parker; John Does A, B and C and Jane Does A, B and C, in the bankruptcy court as case number 13-05148 (the "Adversary Proceeding"). In the Adversary Proceeding, the trustee alleged that the Defendants acted in concert to defraud Saint Michael and

demanded a jury trial. Although Carolina Insurance Company and Gresham & Associates of Indiana, Inc. filed answers, the remaining Defendants moved for dismissal. Many of the motions to dismiss raised jurisdictional issues concerning the bankruptcy court's ability to enter a final binding order in the Adversary Proceeding.

It is the contention of the parties in the instant motion that some of the claims raised in the Adversary Proceeding are "*Stern* claims." *See Stern v. Marshall*, 131 S. Ct. 2594 (2011). Therefore, the parties submit that, in light of the United States Supreme Court's decision in *Executive Benefits Insurance Agency v. Arkison (In re Bellingham)*, 134 S. Ct. 2165 (2014), limiting the bankruptcy court to making proposed findings of fact and conclusions of law to be reviewed *de novo* by this Court with respect to such claims, the reference should be withdrawn, allowing the district court to determine both the *Stern* claims and others raised in connection with the bankruptcy proceeding.

Title 28 U.S.C. § 157(a) states that "[e]ach district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district." The statute divides matters that could be referred to the bankruptcy court into two categories: core and non-core. *Arkison*, 134 S. Ct. at 2171. Under § 157(b), "[b]ankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) . . ., and may enter appropriate orders and judgments, . . ." 28 U.S.C. § 157(b)(1). Section 157(b) goes on to enumerate a non-exhaustive list of examples of core proceedings. 28 U.S.C. § 157(b)(2). With respect to non-core proceedings, "the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and

2

conclusions and after reviewing *de novo* those matters to which any party has timely and specifically objected." 28 U.S.C. § 157(c)(1).

In 2011, the United States Supreme Court recognized in *Stern* that "Article III could neither serve its purpose in the system of checks and balances nor preserve the integrity of judicial decisionmaking if the other branches of the Federal Government could confer the Government's 'judicial Power' on entities outside Article III." *Stern*, 131 S. Ct. at 2609. Thus, "Congress may not withdraw from [Article III] judicial cognizance any matter which, from its nature, is the subject of a suit at the common law, or in equity, or admiralty." *Id.* (internal quotation marks omitted); *In re Global Technovations Inc.*, 694 F.3d 705, 721 (6th Cir. 2012). Bankruptcy judges are not, of course, Article III judges. *See Waldman v. Stone*, 698 F.3d 910, 918 (6th Cir. 2012), *cert. denied,* 133 S. Ct. 1604 (2013). The *Stern* Court held that, while bankruptcy courts are authorized by statute to enter final judgment on a class of bankruptcy-related claims, they are prevented by Article III from entering final adjudication of those claims. *Stern*, 131 S. Ct. at 2611-20. Specifically, "*Stern* made clear that some claims labeled by Congress as 'core' may not be adjudicated by a bankruptcy court in the manner designated by § 157(b)." *Arkison*, 134 S. Ct. at 2172.

*Stern* did not, however, instruct the lower courts on how to proceed upon the identification of a so-called "*Stern* claim." The decision created a statutory "gap" because bankruptcy judges are not explicitly authorized to issue proposed findings of fact and conclusions of law in core proceedings. *Id.* at 2167. As a consequence, the purported gap left the bankruptcy courts powerless to act on *Stern* claims. *Id.* at 2173. That question was addressed in 2014 by the Supreme Court in *Arkison*, in which the Court found that the statute permitted *Stern* claims to proceed as non-core claims under § 157(c). *Id.*

3

The parties have advised that one claim asserted before the bankruptcy court alleges fraudulent conveyance, which has been treated as a *Stern* claim. *See Emerson v. Treinish*, No. 1:13-mc-52, 2014 WL 2807481, at \*3-4 (N.D. Ohio June 20, 2014). Accordingly, that court could submit to the undersigned proposed findings of fact and conclusions of law. However, the parties, as noted above, seek a withdrawal of the reference to the bankruptcy court and issuance of a final decision on all matters by this Court.

Title 28 U.S.C. § 157(d) permits the district court to "withdraw, in whole or in part, any case or proceeding deferred under [§ 157], on its own or on timely motion of any party, for cause shown." Although "cause" sufficient to support permissive withdrawal is not defined in the statute, courts have developed factors to be considered in making such a determination, including "whether the proceeding is core or non-core to the bankruptcy court's jurisdiction; whether it is legal or equitable in nature; the efficient use of judicial resources; prevention of forum shopping[1]; and the effect of the ruling on uniformity in administering bankruptcy law." *Emerson*, 2014 WL 2807481, at \*3; *see also Seven Cntys. Servs., Inc v. NextGen Healthcare Info. Sys., Inc.*, Civil Action No. 3:14CV330-S, 2014 WL 3941789, at \*2 (W.D. Ky. Aug. 12, 2014); *In re Black Diamond Mining Co., LLC*, Civil No. 13-145-ART, 2014 WL 549202, at \*1 (E.D. Ky. Feb. 11, 2014). "[C]onserving debtor and creditor resources and providing for a party's request for a jury trial" may also to be taken into account. *Emerson*, 2014 WL 2807481, at \*3. "Whether a proceeding is core or non-core is the most important factor in deciding a motion to withdraw reference." *Id.* Some courts have found that withdrawal is warranted only "where the cause is shown to be 'compelling' or there exist 'truly exceptional and

---

[1] The forum shopping factor does not appear to be an issue here, as both parties seek withdrawal of the reference.

4

compelling circumstances.'" *In re Batt*, Civil Action No. 12-MC-009-C, 2012 WL 4324930, at *1 (W.D. Ky. Sept. 20, 2012); *see also Fed. Nat'l Mortg. Ass'n v. Village Green I, GP*, No. 14-2311-STA-tmp, 2014 WL 6769504, at *3 (W.D. Tenn. Dec. 1, 2014); *In re Appalachian Fuels, LLC*, 472 B.R. 731, 737 (E.D. Ky. 2012). The district court "retains ample discretion in making the decision to withdraw the reference." *Village Green I, GP*, 2014 WL 6769504, at *3. The court has discretion to deny withdrawal even if several of the factors weigh in favor of withdrawing the reference. *In re Petro Acquisitions, Inc.*, Nos. 1:07-bk-15723, 1:08-cv-738, 1:08-cv-755, 2009 WL 248489, at *3 (S.D. Ohio Jan. 30, 2009). In considering § 157(d), "Congress indicated that there was no intention to allow this subsection to become 'an escape hatch through which most bankruptcy matters will be removed to the District Court from the bankruptcy court.'" *In re Appalachian Fuels, LLC*, 472 B.R. at 737 (quoting *In re Onyx Motor Car Corp.*, 116 B.R. 89, 91 (S.D. Ohio 1990)).

The first factor to be considered is the central factor -- core/non-core proceedings. The claims identified in the parties' brief include non-core state law tort claims and a *Stern* claim that, pursuant to the preceding discussion, is to be treated as non-core. The parties further indicate that other claims exist in the Adversary Proceeding that are core proceedings not categorized as *Stern* claims. Thus, both core and non-core proceedings appear to be at issue here. The bankruptcy court may hear and determine core proceedings under § 157(b)(1) and, pursuant to § 157(c), submit findings and conclusions on those matters which it cannot finally decide. In the Court's view, keeping the related claims together in one court -- the bankruptcy court -- serves judicial economy, conserves the parties' resources and should expedite the bankruptcy process. *See In re MERV Props, LLC*, Civil Action No. 5:14-007-DCR, 2014 WL 201614, at *4 (E.D. Ky. Jan. 17, 2014).

With respect to a jury trial, § 157(e) provides that "[i]f the right to a jury trial applies in a

5

proceeding that may be heard under this section by a bankruptcy judge, the bankruptcy judge may conduct the jury trial if specially designated to exercise such jurisdiction by the district court and with the express consent of all the parties. " 28 U.S.C. § 157(e). Thus, if one of the parties does not consent to trial by the bankruptcy court, the bankruptcy judge cannot conduct a trial. There is no indication whether all of the Defendants would consent to a trial by the bankruptcy judge. This is, however, not a sufficient reason to withdraw the reference at this time. The bankruptcy court's jurisdiction to enter final orders on core matters and proposed findings and conclusions on non-core issues does not evaporate in the face of a jury demand. *In re Batt*, 2012 WL 4324930, at *2. Rather, the bankruptcy court may retain jurisdiction until it becomes clear whether a jury trial will actually be necessary. *Id.* Permitting the bankruptcy court to conduct all pre-trial matters in the case does not deprive the parties of their right to a jury trial. *Id.*; *see also In re Appalachian Fuels, LLC*, 472 B.R. at 748 ("even if withdrawal of the reference is ultimately necessary for a jury trial, the [district] court need not withdraw the reference" early in the litigation during pre-trial proceedings); *Nicole Energy Servs., Inc. v. McClathey*, No. 2:06-cv-0162, 2007 WL 915199, at *4 (S.D. Ohio Mar. 26, 2007) ("Judicial efficiency and uniformity will be promoted by allowing the bankruptcy court, already familiar with the underlying action, to manage proceedings until the case becomes ready for trial. That is ordinarily the more appropriate option given the fact that the district court has discretion to determine how much of a case to withdraw from the bankruptcy court even when withdrawal is required in order to conduct a jury trial.").

      The parties suggest that the fact that the bankruptcy court must propose findings of fact and conclusions of law rather than issue a final ruling justifies withdrawal of the reference on judicial economy grounds. They are mistaken. To find otherwise "would prevent any non-core matter from

6

ever being effectively referred to the bankruptcy courts." *In re Batt*, 2012 WL 4324930, at *2. As the court in *In re Batt* explained,

> [j]udicial economy and the resources of the parties are best served by the court that is most familiar with the parties and the issues performing the first review of those issues. Though this court reviews such findings and conclusions *de novo*, such review is an efficient use of the court's and the parties' resources because the parties are able to further focus their arguments in objection to the Bankruptcy Court's proposals, if they deem such objectives necessary.

*Id.*

As the factors to be considered by the Court do not favor withdrawal of the reference, the motion is DENIED.

IT IS SO ORDERED this 31st day of December 2014.

                                    s/ J. DANIEL BREEN
                                    CHIEF UNITED STATES DISTRICT JUDGE